2012 ND 10

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Steven D. EVANS, Defendant and Appellant.**

**Nos. 20110086, 20110199.**

Supreme Court of North Dakota.

Jan. 12, 2012.

Appeal from the District Court of Kidder County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

Eric Hetland (appeared), State's Attorney, Steele, ND, Jeffrey R. Ubben, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Kent M. Morrow, Bismarck, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1]   Steven Evans appealed from a Kidder County district court order denying his motion to amend judgment, and from a Burleigh County district court order denying his motion for reconsideration of its order that denied his motion to amend judgment. We dismiss the appeal from the Burleigh County order, affirm the Kidder County order, and remand for further proceedings.

### I.

[¶ 2]   Evans was sentenced in Kidder County to three years' imprisonment on charges of burglary and theft of property. Evans had criminal charges related to the same incident pending in Burleigh County at that time. At sentencing, the Kidder County State's Attorney recommended the Kidder County sentences run concurrently to the sentences Evans would ultimately receive in Burleigh County. The Kidder County district court informed Evans several times it could not bind the Burleigh County district court to run its sentences concurrently to the Kidder County sentences, and Evans stated he understood. The Kidder County criminal judgment, however, ordered Evans's sentences "shall run concurrently and concurrently with [the] Burleigh County Case[s]." Evans was subsequently sentenced in Burleigh County to five years' imprisonment with all but 180 days suspended on the charge of fleeing or attempting to elude a peace officer, and 180 days' imprisonment on the charge of possession of marijuana by a driver. The Burleigh County criminal judgment ordered the sentences to run concurrently to each other but consecutively to Evans's Kidder County sentences. Evans filed motions to amend judgment in both counties and a motion to reconsider in Burleigh County, all of which were denied.

### II.

[¶ 3]   Rule 4(b)(1)(A), N.D.R.App.P., requires a criminal defendant to file a notice

of appeal with the clerk of district court within thirty days of the entry of the judgment or order being appealed. The district court may extend the time to file by an additional thirty days upon a finding of excusable neglect or good cause. N.D.R.App.P. 4(b)(4). Evans's notice of appeal from the Burleigh County order was filed after both the initial thirty-day period and the thirty-day extension lapsed, making it untimely. Timely filing of a notice of appeal is mandatory and jurisdictional, and cannot be waived. *State v. DuPaul*, 527 N.W.2d 238, 243 (N.D.1995). Evans's appeal from the Burleigh County order is dismissed.

[¶ 4] Evans argues the Kidder County district court erred in denying his motion to amend judgment. Evans seeks a reduction of his sentences in Burleigh County, which are sentences that cannot be reduced because his appeal from the Burleigh County order is dismissed. The Kidder County criminal judgment ordered the Kidder County sentences "shall run concurrently and concurrently with [the] Burleigh County Case[s]." At the sentencing hearing, the Kidder County district court recognized the sentences in Burleigh County had not yet been entered, and informed Evans it could not bind the Burleigh County district court. We affirm the Kidder County order denying Evans's motion to amend judgment, but remand and direct the Kidder County district court to correct its criminal judgment by deleting the provision that orders the Kidder County sentences to run concurrently to the Burleigh County sentences.

### III.

[¶ 5] We dismiss the appeal from the Burleigh County order, affirm the Kidder County order, and remand for further proceedings.

[¶ 6] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.